UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

United States of America.,

    -against-

                          17cr208

Emmanuel Lambrakis,

                          ORDER

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM H. PAULEY III, Senior United States District Judge:

        Defendant Emmanuel Lambrakis moves for bail pending sentencing. (ECF No. 113.) Lambrakis's motion for bail is granted.

        On November 29, 2019, Lambrakis pled guilty to illegally prescribing oxycodone without a legitimate medical purpose, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (PSR ¶¶ 1, 3.) Lambrakis's sentencing was adjourned because he requested a Fatico hearing, which in turn was adjourned because of the COVID-19 pandemic. Lambrakis is currently housed at the Metropolitan Detention Center in Brooklyn, New York ("MDC"). (See ECF No. 113, at 1.)

        Lambrakis moves for bail under 18 U.S.C. § 3145(c). In support of his application for bail, Lambrakis argues that his age and health conditions make him especially susceptible to COVID-19. (ECF No. 113, at 4.) The Government agrees and consents to bail pursuant to restrictions including, among others: home incarceration enforced by location monitoring and a $1,000,000 personal recognizance bond. (ECF No. 114.)

        Section 3145(c) has two requirements. First, a defendant must "meet[] the conditions of release set forth in section 3143(a)(1)." 18 U.S.C. § 3145(c). Section 3143(a)(1) requires that "the judicial officer find[] by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18

1

U.S.C. § 3143(a)(1).  Second, there must be "exceptional reasons why such person's detention would not be appropriate."  18 U.S.C. § 3145(c).  "'[E]xceptional reasons' permitting the release of a defendant subject to mandatory detention are those that 'present a unique combination of circumstances giving rise to situations that are out of the ordinary.'"  United States v. McKenzie, 2020 WL 1503669, at *2 (S.D.N.Y. Mar. 30, 2020) (alteration in original) (quoting United States v. DiSomma, 951 F.2d 494, 497 (2d Cir. 1991)).  The test under § 3145(c) is "necessarily a flexible one, and district courts have wide latitude to determine whether a particular set of circumstances qualifies as 'exceptional.'"  United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004).

First, and most critically, this Court affords substantial weight to the fact that the Government consents to bail.  (ECF No. 114, at 1.)  Because the Government has a significant interest in Lambrakis's continued appearance in court proceedings, the Government's consent is compelling.  Additionally, Lambrakis has proposed—and the Government agreed—to strict bail requirements.  Moreover, in response to the Court's inquiry, Lambrakis has secured a third financially responsible individual.  (ECF No. 116, at 1.)  Finally, Lambrakis will reside with his wife—who is also a co-signer—at their Manhattan apartment, and who this Court believes has moral suasion over Lambrakis.

This Court also finds that Lambrakis is no longer a danger to the community.  Because his medical license has been revoked, (PSR ¶ 82), Lambrakis will be unable to continue in his prior criminal activity.

Second, there are "exceptional reasons why [Lambrakis's] detention would not be appropriate."  18 U.S.C. § 3145(c).  He is at heightened risk of severe illness due to COVID-19.  Lambrakis is 72 years-old and suffers from serious medical conditions.  (PSR ¶ 52.)  The

combination of the increased risk of contracting COVID-19 in prisons and Lambrakis's unique susceptibility, "present exceptional reasons" for release under 18 U.S.C. § 3145(c). See McKenzie, 2020 WL 1503669, at *3.

This Court grants bail pending sentencing subject to the following conditions:

1. The defendant shall execute a bond or an agreement to forfeit upon failing to appear as required, or for any violation of any condition(s) of release, the following sum of money/designated property: $1,000,000 bond to be secured by three (3) financially responsible people, to include the defendant's wife, who must remain in New York, while the defendant is on Pretrial Supervision.

2. The defendant shall be subject to home incarceration enforced by location monitoring with the technology at the discretion of Pretrial Services. The defendant may leave his home for necessary medical treatment, meetings with counsel, court appearances and any other activities approved by Pretrial Services. The defendant shall pay the costs of location monitoring based on his ability to pay as determined by Pretrial Services.

3. The defendant, accompanied by his attorney, shall report directly to Pretrial Services in the Loretta Preska Pavillion at 500 Pearl Street immediately after he is released from custody for fitting of the electronic monitoring device.

4. The defendant shall be subject to strict supervision.

5. The defendant shall surrender all travel documents and make no new applications.

6. The defendant is restricted to the Southern District of New York.

7. The defendant shall take all prescribed medications in accordance with instructions from his health care professional.

8. The defendant shall not practice medicine, work in the field of medicine or write prescriptions for any controlled substances.

9. The defendant shall not have any contact with any current or former member of the office staff at the Jamaica and Astoria Clinics (as referred to in the Complaint).

      10. All of defendant's bail conditions must be satisfied prior to his release.

      The Clerk of the Court is directed to terminate the motion pending at ECF No. 113.

Dated: April 28, 2020
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.